Kerry S. Doyle
Cal. Bar No. 268440
Doyle Law Office, PLLC
8755 Technology Way, Ste. I
Reno, NV 89521
Tel.: (775) 525-0889
Fax: (775) 229-4443
kerry@rdoylelaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GUIRGUIS,<br><br>    Plaintiff,<br><br>  vs.<br><br>FIDELITY CREDITOR SERVICES INC.,<br><br>    Defendant. | **Case No.: 8:15-cv-1918**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL GUIRGUIS (Plaintiff), through undersigned counsel, alleges the following against Defendant, FIDELITY CREDITOR SERVICES INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Defendant conducts business in the State of California from which the business the claim arises, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person residing in Dana Point, Orange County, California.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

8. Defendant, FIDELITY CREDITOR SERVICES INC., is a corporation doing business in the State of California, with a corporate address listed as 216 S. Louise Street, Glendale CA, 91205.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. On or about June 1, 2010, Plaintiff entered into a rental agreement with Metro Realty Center, the original creditor.

11. On June 24, 2011, Plaintiff submitted a formal Written Notice of Intent to Vacate and left his keys with the Metro Realty Center manager.

12. Plaintiff paid his lease in full at that time, and surrendered his right to his security deposit as necessitated by the rental agreement.

13. On or about March 13, 2015, Defendant began collecting on a debt for unpaid rent owed to Metro Realty Center, for a period of time after Plaintiff had given his Notice of Intent to Vacate.

14. The alleged debt arises from transactions for personal, family, and household purposes.

15. Defendant sent at least two dunning letters in attempt to collect on the alleged debt.

16. On or about March 15th, 2015, Plaintiff called Defendant to dispute the validity of the debt, explaining that the debt was not his, and to request verification.

17. On or about March 31, 2015, Plaintiff mailed Defendant again explaining the debt was not his.

18. On or about July 7, 2015, Plaintiff's counsel drafted a written letter to Defendant stating that Plaintiff did not owe the debt as he had moved out on June 24, 2011, and given his keys to the landlord.

19. On or about July 9, 2015, Defendant sent another dunning letter to Plaintiff threatening litigation in the event the debt was not paid.

20. Despite Plaintiff's explanation and proof that the alleged debt was not properly due and owing, Defendant filed suit against Plaintiff in Orange County Superior Court on July 31, 2015 (case no: 30-2015-00802115).

21. To date, Defendant has refused to withdraw the pending lawsuit.

/ / /

/ / /

/ / /

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges all of the allegations in paragraphs 1 through 21.

23. Defendant has been informed that Plaintiff does not owe the debt, and Plaintiff has provided the Written Notice of Intent to Vacate to Defendant.

24. Defendant continues to collect on a debt that is not due owing.

25. Defendant has threatened to file suit against Defendant.

26. Defendant has in fact filed suit against Defendant.

27. Defendant's actions have violated the FDCPA based on the following:

    a. Defendant violated *§1692e* preface of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of an alleged debt;

    b. Defendant violated *§1692e(2)* of the FDCPA by falsely representing the character, amount, or legal status of the debt;

    c. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal action when such action cannot be taken;

    d. Defendant violated *§1692e(10)* preface of the FDCPA by using false representation and deceptive means to collect on a debt.

WHEREFORE, Plaintiff, Daniel Guirguis, respectfully requests judgment be entered against Defendant, FIDELITY CREDITOR SERVICES INC., for the following:

    A. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

    B. Actual damages,

C. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k.*

D. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges all of the allegations in paragraphs 1 through 21.

29. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*; and

    b. Defendant violated the *§1788.10* of the RFDCPA by threatening to take legal action which the creditor is prohibited from taking.

WHEREFORE, Plaintiff, Daniel Guirguis, respectfully requests judgment be entered against Defendant, FIDELITY CREDITOR SERVICES INC., for the following:

A. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

B. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

C. Any other relief that this Honorable Court deems appropriate.

///

///

///

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: November 17, 2015

/S/ Kerry Doyle, Esq.
Kerry Doyle, Esq.
Doyle Law Office, PLLC
8755 Technology Way, Suite 1
Reno, Nevada 89521
(P) (775) 525-0889
(F) (775) 229-4443
Kerry@rdoylelaw.com
Attorney for Plaintiff